IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL LEE ELLIOTT, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 05-CV-478-TCK-PJC |
| ) | |
| JUSTIN JONES, Director,[1] ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 15). Petitioner, a state inmate appearing *pro se*, filed a response (Dkt. # 17) and a supplemental response[2] (Dkt. # 18) to the motion to dismiss. Respondent's motion to dismiss is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds that the petition was not timely filed and Respondent's motion to dismiss shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

***BACKGROUND***

---

[1]Petitioner is currently incarcerated at Lawton Correctional Facility, a private prison. As a result, the proper Respondent in this action is Justin Jones, Director of the Oklahoma Department of Corrections. Therefore, Justin Jones shall be substituted as Respondent in place of Eric Franklin and Ron Ward. The Oklahoma Attorney General was improperly named as a respondent. For that reason, the Oklahoma Attorney General shall be dismissed from this action.

[2]In his supplemental response, Petitioner asks the Court to deny and dismiss Respondent's motion to dismiss. See Dkt. # 18.

Petitioner challenges his convictions entered in Tulsa County District Court, Case Nos. CF-2002-810 and CF-2002-172. See Dkt. #1. On May 20, 2002, Petitioner was sentenced after having pled guilty in Case No. CF-2002-810 to Second Degree Murder (Count 1), Unlawful Possession of Marijuana With Intent to Distribute (Count 2), Possession of Paraphernalia (Count 3), and Knowingly Concealing Stolen Property (Count 4). See Dkt. # 16, Ex. 1. He was sentenced to twenty (20) years imprisonment on Counts 1 and 2, one (1) year in the Tulsa County Jail on Count 3, and five (5) years imprisonment on Count 4. Id. On May 20, 2002, Petitioner also pled guilty in Case No. CF-2002-172, to Possession of Marijuana With Intent to Distribute (Count 1), and Possession of Paraphernalia (Count 2). Id. In that case, he was sentenced to twenty (20) years on Count 1 and one (1) year in the Tulsa County Jail on Count 2. Id. All sentences for both cases were ordered to be served concurrently. Id. Petitioner did not file motions to withdraw his pleas and did not otherwise perfect appeals to the Oklahoma Court of Criminal Appeals ("OCCA"). See Dkt. # 1.

The docket sheet for Tulsa County District Court, Case No. CF-2002-810, reflects that Petitioner made no effort to seek modification of his sentence until December 4, 2002, when he filed a motion for judicial review. (Docket sheet viewed at www.oscn.net). The motion for judicial review was denied by order filed December 12, 2002. See id. The docket sheet also reflects that on April 11, 2003, Petitioner filed a motion for court records and information. That motion was denied by order filed May 16, 2003. Id. On May 12, 2003, and again on May 19, 2003, Petitioner filed motions for sentence modification for the interest of justice and pursuant to the plain error doctrine. Id. He also filed another motion for court records on May 27, 2003. In addition, the docket sheet for Tulsa County District Court, Case No. CF-2002-172, reflects that on May 27, 2003,

Petitioner filed a motion for court file, records, and documents. (Docket sheet viewed at www.oscn.net).

On January 20, 2004, Petitioner filed an application for post-conviction relief, in both cases. See Dkt. # 16, Ex. 2. By order filed May 24, 2004, the state district court denied post-conviction relief. Id. Petitioner was granted a post-conviction appeal out of time. See Dkt. # 16, Ex. 4. However, by order filed November 9, 2004, in No. PC-2004-1039, the OCCA affirmed the state district court's denial of post-conviction relief. Id.

On August 22, 2005, the Clerk of Court received for filing Petitioner's federal petition for writ of habeas corpus (Dkt. # 1). Petitioner also filed a brief (Dkt. # 2) and exhibits (Dkt. # 3) in support of his petition. The Court notes that Petitioner signed and dated his supporting brief on August 15, 2005. See Dkt. # 2 at 24.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of

>    due diligence.
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), or (D).  Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period.  § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his guilty pleas in Case Nos. CF-2002-810 and CF-2002-172, his convictions became final ten (10) days after entry of his Judgments and Sentences, or on May 30, 2002.  See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his convictions, including the claims raised in the instant petition, began to run on May 30, 2002, and, absent a tolling event, a federal petition for writ of habeas corpus filed after May 30, 2003, would be untimely.  See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Petitioner did not seek any post-conviction relief during the relevant period. Petitioner

did file a motion for judicial review in the state district court on December 4, 2002, or prior to expiration of the federal limitations period. The docket sheet for Tulsa County District Court, Case No. CF-2002-810, reflects that Petitioner's motion for judicial review was denied on December 12, 2002. See www.oscn.net. In response to the motion to dismiss, Petitioner argues that the limitations period was tolled during the pendency of his motion for judicial review. See Dkt. # 17.

Oklahoma law provides that a petitioner may seek judicial review and modification of a sentence pursuant to Okla. Stat. tit. 22, § 982a, a statutory provision allowing a district court to modify a sentence within twelve months after the sentence is imposed. However, Oklahoma's sentence modification procedure "is not part of the direct review process under Oklahoma law." Williams v. Beck, No. 04-6184, 2004 WL 2491764 (10th Cir. Nov.5, 2004) (unpublished). The Tenth Circuit Court of Appeals has indicated in an unpublished opinion that Oklahoma's statutory procedure for modifying sentences does not toll the § 2244(d)(1) limitation period. Nicholson v. Higgins, No. 05-7032, 2005 WL 1806446 (10th Cir. Aug.2, 2005) (unpublished) (acknowledging in a footnote that the petitioner had sought judicial review under Okla. Stat. tit. 22, § 982a, and reasoning that because "such motions seek discretionary review [and] their denial is not appealable" they "therefore do not constitute post-conviction proceedings for purposes of tolling the AEDPA limitations period"). As in Nicholson, Petitioner's motion for judicial review does not serve to toll the § 2244(d)(1) statute of limitations applicable to Petitioner's habeas petition challenging his convictions entered in Tulsa County District Court, Case No. CF-2002-810. The Court further finds that Petitioner is not entitled to tolling of the limitations period under § 2244(d)(2) as a result of the motions filed in Tulsa County District Court, Case Nos. CF-2002-810 and CF-2002-172, during April and May, 2003. Like the motion for judicial review, those motions were not post-conviction

or collateral review proceedings for purposes of tolling the AEDPA limitations period. See May v. Workman, 339 F.3d 1236, 1237 (10th Cir. 2003).

Petitioner did file an application for post-conviction relief. However, the application for post-conviction relief was filed January 20, 2004, or almost eight (8) months beyond the May 30, 2003, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding commenced by Petitioner after expiration of the limitations period did not toll the limitations period.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). In response to Respondent's motion to dismiss, Petitioner asserts as follows:

> Petitioner is and at all times was mentally impaired. Multiple mental and emotional disorders. At all times under medical and psychiatric care, with treatment, with medication given, taken and administered. Acute depression, chronic suicidal, depression. Delusional, schezophrenic, among other problems actual innocence. Constitutional invalid plea. Constitutional violations. Due process violations. Prosecutional (sic) misconduct. Judicial misconduct. Lack of judicial review, observation, inquiry, care, infefference (sic). Ineffective assistance of counsel. Lack of mental evaluations and examinations relating to competency. Miscarriage of justice. The ends of justice. The interest of justice. Which applies to petitioner's situation, predicument (sic) as well as his status, stability and his case before this court's bar. Petitioner invokes, respectively. Which, with all due respect to this Court, he is exempt and waiverd (sic) from time barment (sic) which petitioner asks and moves for the same. Respectively.

(Dkt. # 17).   Petitioner also claims he was unaware of the limitations period imposed by the

AEDPA, that he was "attacked, locked up," that he lacked access to legal materials and legal assistance. Id. Petitioner also asserts a claim of actual innocence. Id.

First, the Court shall address Petitioner's claim of actual innocence. Tenth Circuit authority provides that claims of actual innocence alone cannot serve to toll the limitations period. Miller, 141 F.3d at 978. The record must also demonstrate that the habeas petitioner has pursued his claims diligently but has been prevented from filing a timely petition due to extraordinary circumstances. Id. In this case, the Court finds, as discussed in more detail below, that Petitioner's proffered excuses for the delay in seeking habeas relief do not support the conclusion that Petitioner pursued his habeas claims diligently. For that reason, Petitioner's claim of actual innocence is insufficient to prevent a limitations bar. Therefore, the Court finds that Petitioner is not entitled to equitable tolling based on a claim of actual innocence.

Petitioner has also failed to convince the Court that extraordinary circumstances beyond his control prevented him from timely filing his petition. After entering guilty pleas and being sentenced on May 20, 2002, Petitioner first challenged his convictions by way of his application for post-conviction relief filed on January 20, 2004. Although Petitioner alleges his mental impairment hindered his ability to file a timely petition, his claims are conclusory and insufficient to justify equitable tolling. He presents only bare allegations, as recited above, that his mental problems made it impossible to file his petition on time. Petitioner has produced no evidence showing that between May 30, 2002, and May 30, 2003, he faced such severe restrictions or he was so incapable of rational thought due to his mental condition that he could not take the steps necessary to file a petition for writ of habeas corpus. See Alexander v. Cockrell, 294 F.3d 626 (5th Cir. 2002) (habeas petitioner has burden of proof concerning equitable tolling and must demonstrate rare and

7

exceptional circumstances warranting application of doctrine). Such vague and conclusory allegations do not justify equitable tolling. Miller, 141 F.3d at 978 (rejecting § 2244(d)(1)(B) claim of impediment from constitutionally inadequate access to legal materials, holding "[i]t is not enough to say that the . . . prison facility lacked all relevant statutes and case law or that the procedure to request specific material was inadequate"). In addition, Petitioner's claim that he was unaware of the AEDPA's limitations period does not justify equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'") (citations omitted). There is simply no evidence in this case that Petitioner diligently pursued his federal claims during the limitation period. Petitioner has failed to demonstrate that his inability to file his habeas petition within the one-year period was due to circumstances beyond his control. Gibson, 232 F.3d at 808. As a result, the Court finds Petitioner is not entitled to equitable tolling of the limitations period.

The Court concludes that Petitioner is not entitled to equitable or statutory tolling of the limitations period. This action is time-barred. Respondent's motion to dismiss shall be granted and Petitioner's petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Justin Jones, Director of the Oklahoma Department of Corrections, is **substituted** as Respondent in place of Eric Franklin and Ron Ward. The Oklahoma Attorney General is **dismissed** from this action.

2. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 15) is **granted**.

3. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

4. A separate Judgment shall be entered in this case.

DATED THIS 21st day of September, 2006.

*Terence Kern*

TERENCE KERN
UNITED STATES DISTRICT JUDGE